UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| THRESA A. TALLEY, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 2:16-cv-00375-JMS-DKL |
| USA, | ) |  |
| Respondent. | ) |  |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
And Denying Certificate of Appealability**

Petitioner Thresa Talley's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice for the reasons set forth below. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On April 7, 2015, Ms. Talley was charged in an eleven-count Indictment in No. 2:15-cr-00007-JMS-CMM-4. Ms. Talley signed a Petition to Enter a Plea of Guilty and Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) on January 11, 2016. *See* Filing No. 350. In the Plea Agreement, Ms. Talley agreed to plead guilty of conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine. The Plea Agreement stated that Count 1 is punishable with a sentence of no less than 10 years' imprisonment. However, the parties did not agree upon a sentence and each reserved the right to present evidence and arguments as to the appropriate sentence.

The Court held a change of plea and sentencing hearing on June 20, 2016, during which the Court advised Ms. Talley of her rights, concluded that there was a factual basis for the guilty plea, accepted the Plea Agreement, and adjudged Ms. Talley guilty of Count One. The Court sentenced Ms. Talley to 87 months' imprisonment, followed by three years of supervised release.

On September 28, 2016, Ms. Talley filed the instant motion for post-conviction relief pursuant to 28 U.S.C. § 2255. In her motion, she requests a sentence reduction and argues that her counsel provided ineffective assistance in three respects. The United States responded to Ms. Talley's motion. Ms. Talley, however, did not reply, and the time do to so has passed.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In her § 2255 motion, Ms. Talley raises two claims. The Court will address each in turn.

**A.    Sentence Reduction**

Ms. Talley requests a reduction in sentence, arguing that her "sentencing term of 120 months is far beyond the scope of reasonable[ness], fairness, [and] justice." Filing No. 1 at 2. Notably, she makes this argument even though the Court sentenced her to 87 months' imprisonment, not 120 months' imprisonment as she suggests.

The United States maintains that any request for sentencing reduction is barred by Ms. Talley's waiver of such claim in the Plea Agreement. Specifically, Ms. Talley agreed in the Plea Agreement to "not contest, or seek to modify, [her] conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255." Filing No. 350 at 11.

"A defendant may validly waive both [the] right to a direct appeal and [the] right to collateral review under § 2255 as part of h[er] plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which (1) "the plea agreement was involuntary," (2) "the district court relied on a constitutionally impermissible factor (such as race)," (3) "the sentence exceeded the statutory maximum," or (4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see United States v. Smith*, 759 F.3d 702, 706 (7th Cir. 2014). None of these exceptions apply, nor does Ms. Talley even argue that they do. Accordingly, the United States is correct that Ms. Talley's request for a sentence reduction is barred by the collateral attack waiver in her Plea Agreement.[1]

**B.    Ineffective Assistance of Counsel**

Ms. Talley argues that her counsel provided ineffective assistance in three specific ways. These claims, unlike her request for a sentence reduction, are not barred by the collateral attack waiver in the Plea Agreement. The United States argues that none of three claims has merit. The Court will address each in turn, after setting forth the legal standards governing ineffective-assistance-of-counsel claims.

"To establish constitutionally ineffective assistance of counsel, [the petitioner] must show that (1) h[er] trial attorney's performance 'fell below an objective standard of reasonableness,' and (2) 'but for counsel's unprofessional errors the result of the proceeding would have been

---

[1] During briefing in this action, Ms. Talley filed a motion in the underlying criminal action seeking a reduction in sentence. The Court denied that motion on the same basis that it denies Ms. Talley's claim here—that is, she explicitly waived the right to seek a modification of her sentence in her Plea Agreement. *See* No. 2:15-cv-00007-JMS-CMM, Filing No. 573.

different.'" *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).

First, Ms. Talley argues that her counsel "failed to object to the mandatory minimum sentence imposed." Filing No. 1 at 2. But as noted above, the Court ultimately sentenced Ms. Talley to 87 months' imprisonment—which was below the mandatory minimum—after Ms. Talley's counsel successfully argued that she was eligible for the so-called "safety valve," as set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guidelines ("USSG") § 5C1.2. In short, Ms. Talley's counsel successfully argued for a sentence below the mandatory minimum, and thus could not have been ineffective for failing to do so.

Second, Ms. Talley argues that her counsel "failed to object to a two point enhancement for maintaining a premis[]e to distribute methamphetamine." Filing No. 1 at 2. But Ms. Talley stipulated in the Plea Agreement that her offense level was properly increased by two levels "because she maintained a premises for the purpose of distributing a controlled substance in accordance with U.S.S.G. § 2D1.1(b)." Filing No. 350 at 9-10. Moreover, Ms. Talley also stipulated in the Plea Agreement to facts supporting this enhancement—specifically, that she and her husband "stored quantities of methamphetamine at the[ir] residence and distributed methamphetamine to others from the residence on some occasions." Filing No. 350 at 8. Ms. Talley's counsel thus had no basis to object to the enhancement at sentencing and was not ineffective for failing to do so.

Third, Ms. Talley contends that her counsel failed to argue that she qualified for the two-level decrease in offense level due to her minor role in the crimes. To qualify for the minor-role reduction, a defendant must be "substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2. The Court specifically found during the sentencing hearing

that Ms. Talley was "participating in the promotion" of the enterprise—by, among other things, recruiting another participant to sell methamphetamine—and in "the dealing of large quantities of methamphetamine." Filing No. 587 at 58. Furthermore, the Court concluded that that in Ms. Talley's case, "the quantities involved are . . . more significant than some of the other co-Defendants." *Id.* Thus, contrary to Ms. Talley's argument, it was not deficient performance for her counsel to fail to make an argument the Court would have rejected, nor, given that the Court would have rejected the argument, was Ms. Talley prejudiced by any such failure.

For these reasons, none of Ms. Talley's three ineffective-assistance-of-counsel claims has merit. There is no basis to grant her habeas relief on any of her claims.

*Denial of Hearing*

An evidentiary hearing is "not required when the files and records of the case conclusively show that the prisoner is entitled to no relief." *Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (internal quotation omitted); *see also* 28 U.S.C. § 2255(b). That is the case here, and thus a hearing is not warranted in this case.

*Conclusion*

The foregoing circumstances show that Ms. Talley is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 2:15-cr-00007-JMS-CMM-4.**

**II. Certificate of Appealability**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Ms. Talley has failed to show

that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

    **IT IS SO ORDERED.**

Date: 6/5/2017

_signature_
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

THRESA A. TALLEY
12688-028
LEXINGTON - FMC
LEXINGTON FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 14500
LEXINGTON, KY 40512

Matthew J. Lasher
UNITED STATES ATTORNEY'S OFFICE
matthew.lasher@usdoj.gov